### Before Judge Landis, February 2, 1967

**No. R67/32.**—Niagara Crushed Stone Sales of Ohio, Inc. *v.* United States, reappraisements R62/3493, etc. (Cleveland).

**No. R67/33.**—Cleveland Builders Supply Co. et al. *v.* United States, reappraisements R64/10662, etc. (Cleveland).

In accordance with stipulation of counsel that the merchandise, facts, and issues are similar in all material respects to those in *Alvin Naiman Corp.* v. *United States* (54 Cust. Ct. 705, Reap. Dec. 11008), the court found and held that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), is the proper basis for the determination of the value of the merchandise in question, described as Dolomite or screenings or stone, and that such statutory value is the entered values.

### Before Chief Judge Rao, February 8, 1967

**No. R67/34.**—Kurt Orban Company, Inc. *v.* United States, reappraisement R59/10176 (New Orleans).

**No. R67/35.**—Kurt Orban Company, Inc. *v.* United States, reappraisement R60/8677 (Chicago).

In accordance with stipulation of counsel that the issues of fact and law are the same in all material respects as those in *Kurt Orban Company, Inc.* v. *United States* (52 CCPA 20, C.A.D. 851), the court found and held that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value for the galvanized wire and round steel wire in issue and that said value is the appraised value, less inland freight and f.o.b. charges of $11 per metric ton.